JINA L. CHOI (Admitted to the New York Bar)
MICHAEL S. DICKE (Cal. Bar No. 158187)
  dickem@sec.gov
SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
  ocallaghans@sec.gov
ROBERT J. DURHAM (Admitted to the New York Bar)
  durhamr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____ DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-14-4188 PJH |
| Plaintiff, | |
| v. | [PROPOSED] JUDGMENT AS TO MICHAEL B. FERGUSON |
| MICHAEL B. FERGUSON and TRANSACTIONS UNLIMITED, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Michael B. Ferguson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment as to Defendant Michael B. Ferguson ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    To employ any device, scheme, or artifice to defraud;

    (b)    To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, in the offer or sale of any security, directly or indirectly:

    (a)    Employing any device, scheme, or artifice to defraud;

    (b)    Obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is liable, on a joint and several basis with Defendant Transactions Unlimited, for disgorgement of $2,086,546.90, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $672,646.46, for a total of $2,759,193.36.  Defendant shall satisfy this obligation by paying $2,759,193.36 to the Commission within 14 days after entry of this Judgment.

1    Defendant is also a defendant in a pending state criminal action, <u>People v. Ferguson</u>, No.

2  C1477290 (Cal. Sup. Ct. Santa Clara County filed Feb. 27, 2014) (the "criminal case"), which is

3  based on substantially the same facts as alleged in the Complaint.  If payment is made pursuant to an

4  order entered in the criminal case, upon presentation to the Commission's counsel of evidence of

5  such payment, Defendant shall receive a dollar-for-dollar credit against the disgorgement amount

6  then owed to the Commission pursuant to the Judgment.

7    Defendant may transmit payment electronically to the Commission, which will provide

8  detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a

9  bank account via Pay.gov through the SEC website at <u>http://www.sec.gov/about/offices/ofm.htm</u>.

10 Defendant may also pay by certified check, bank cashier's check, or United States postal money

11 order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

12    Enterprise Services Center

13    Accounts Receivable Branch

14    6500 South MacArthur Boulevard

15    Oklahoma City, OK 73169

16 and shall be accompanied by a letter identifying the case title, civil action number and name of this

17 Court ("Case Identifying Information"); Michael B. Ferguson as a defendant in this action; and

18 specifying that payment is made pursuant to this Judgment.

19    Defendant shall simultaneously transmit photocopies of evidence of payment and Case

20 Identifying Information to the Commission's counsel in this action.  By making this payment,

21 Defendant relinquishes all legal and equitable right, title and interest in such funds and no part of the

22 funds shall be returned to Defendant.

23    The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to

24 distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the

25 administration of any distribution of the Fund.  If the Commission staff determines that the Fund will

26 not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United

27 States Treasury.

28

[PROPOSED] JUDGMENT AS TO    4
MICHAEL B. FERGUSON

1    The Commission may enforce the Court's judgment for disgorgement and prejudgment

2    interest by moving for civil contempt (and/or through other collection procedures authorized by law)

3    at any time after 14 days following entry of this Judgment.  Defendant shall pay post judgment

4    interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

5                                                              V.

6    Upon motion of the Commission, the Court shall determine whether it is appropriate to order

7    a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section

8    21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the civil penalty.  In

9    connection with the Commission's motion for civil penalties, and at any hearing held on such a

10   motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities

11   laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this

12   Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be

13   accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the

14   motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative

15   testimony, and documentary evidence, without regard to the standards for summary judgment

16   contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the

17   Commission's motion for civil penalties, the parties may take discovery, including discovery from

18   appropriate non-parties.

19                                                            VI.

20   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, solely for purposes

21   of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

22   allegations in the Complaint are true and admitted by Defendant, and further, any debt for

23   disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

24   Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

25   connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws

26   or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

27   Bankruptcy Code, 11 U.S.C. §523(a)(19).

28

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent of Defendant Michael B. Ferguson is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____November 13_____, 2014

_____
Honorable _____
UNITED STATES _____ DISTRICT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton